Henry L. Williams v. Commissioner.
Williams v. Commissioner
Docket No. 3912-68.
United States Tax Court
T.C. Memo 1970-143; 1970 Tax Ct. Memo LEXIS 217; 29 T.C.M. (CCH) 623; T.C.M. (RIA) 70143; June 8, 1970, Filed *217 Ben D. Gilliland, Jr., Falls Bldg., Memphis, Tenn., for the petitioner. John B. Harper, for the respondent. TIETJENS
Memorandum Findings of Fact and Opinion TIETJENS Judge: The Commissioner determined a deficiency in petitioner's 1966 Federal income tax in the amount of $531.59 resulting from the disallowance of a claimed casualty loss deduction. Findings of Fact Some of the facts have been stipulated. The stipulation and exhibits attached thereto are incorporated herein by this reference. Petitioner was a legal resident of Memphis, Tennessee at the time the petition herein was filed. Petitioner filed an individual Federal income tax return for taxable year 1966 with the district director of internal revenue in Nashville, Tennessee. Petitioner purchased a 1.9 carat diamond ring set consisting of two rings in October 1964 for $754. On February 21, 1966, he purchased a 2.3 carat diamond ring for $1,820. Petitioner owned a wooden sigle-car garage located at his residence in Memphis. The garage was destroyed by fire on the night of March 29, 1966. The fire also destroyed the contents of the garage. On his 1966 return petitioner claimed a casualty loss from *218 the fire of $3,500. Of that amount, $2,574 represented the value of the diamond rings which petitioner claims were destroyed in the fire. The Commissioner disallowed the deduction as to the rings since there was no support for petitioner's claim that the rings were in the garage at the time of the fire. Opinion The Commissioner concedes that if the rings were in the garage at the time of the fire, they could have been rendered valueless or destroyed thereby. This is due to the fact that diamonds oxidize and become discolored at a temperature above 1472degree F. The parties agree that in a structure like petitioner's garage, the temperature would be between 1500degree F. and 2000degree F. during a fire. Thus we must decide the purely factual question of whether or not the three diamond rings were in the garage at the time of the fire. We hold that they were and therefore petitioner is entitled to the claimed deduction. The only evidence with respect to the location of the rings was the testimony of petitioner himself. We found him to be a forthright, cooperative witness, readily willing to answer any and all questions. We reach our conclusion based on the following account *219 supplied by petitioner. 624 Petitioner was in the process of obtaining a divorce. In the meantime his wife had access to the house from time to time and made off with items of value. To prevent this fate from befalling his rings, petitioner secreted them in the chassis of an old automobile radio in his garage. Petitioner had homeowner's insurance but he did not claim the loss of the rings under it, because he had been told by the person who had sold him the 2.3 carat ring in 1966 that an ordinary homeowner's policy would not cover the ring. Petitioner kept the keys to the garage himself and no one could have entered the building unless they broke in. No one else in petitioner's family was aware that petitioner owned these rings either before or after the fire. Petitioner did not mention the loss of the rings until he claimed the loss on his income tax return because he was afraid of being ridiculed for having placed the rings in the garage. After the fire, petitioner searched the remains of the garage for any trace of the rings. He found nothing but the radio chassis which had been reduced to a "big blob of charcoal or rubbery stuff." During the ensuing two weeks petitioner *220 spent time in cleaning up the ruined garage, and hauling away the debris, but he did not find any trace of the rings. While not agreeing with the wisdom of his action with respect to placing the diamond rings in the garage, we believe petitioner's testimony and find it sufficient to carry the burden of proof placed on him. Rule 32, Tax Court Rules of Practice.
Decision will be entered for the petitioner.